# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH DARRELL PUCKETT, #1263389, <br>     Petitioner, <br><br> v. <br><br> NATHANIEL QUARTERMAN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br>     Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 3:07-CV-1713-O <br><br><br><br><br><br><br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of sexual assault of a child in the 203rd Judicial District Court, Dallas County, Texas, in Cause No. F03-72621. (Petition (Pet.) at 2). Punishment was assessed at twelve years imprisonment. (*Id.*).

The Court of Appeals affirmed his conviction and sentence. *See Puckett v. State*, No. 05-04-01473-CR (Tex. App. -- Dallas, Oct. 4, 2005, pet. ref.).[1] On February 15, 2006, the Texas Court of Criminal Appeals (TCCA) refused a petition for discretionary review. *See* No. PD-1656-05.

On January 29, 2007, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure. *See* Attachment I. The TCCA denied the application without written order on the findings of the trial court without a hearing on April 25, 2007. *Ex parte Puckett*, No. WR-67,272-02, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =250934.

In his federal petition, filed on October 10, 2007, Petitioner raises four grounds for habeas relief: vindictive prosecution based upon insufficient evidence, void indictments, structural error, and illegal sentence.[2]

---

[1] The docket sheet for Petitioner's direct appeal is available at http://www.courtstuff.com/FILES/05/04/05041473.HTM.

[2] The "mailbox rule" (which in *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), was extended to federal petitions filed by prisoners) is inapplicable to this case. The petition was *not* mailed through the prison mail system. Rather it was filed in this Court on October 10, 2007, by a friend or family member along with $5.00 in cash to pay the filing fee. Therefore, the Court is bound by its filing date of October 10, 2007. *See Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (holding that the mailbox rule did not apply to *pro se* prisoner who sent habeas petition to his daughter for mailing); *United States v. Cicero,* 214 F.3d 199, 204-05 (D.C. Cir. 2000) (limitations not tolled where prisoner forwarded petition to jailhouse lawyer who later was plac ed in administrative segregation, delaying the filing); *Paige v. United States,* 171 F.3d 559, 560-61 (8th Cir. 1999) (mailbox rule inapplicable where prisoner mailed petition to brother for preparation and filing); *see also Cousin v. Lensing*, 310 F.3d 843, 847 and n. 2 (5th Cir. 2002) (holding that prisoner litigants represented by an attorney were not entitled to the benefit of the mailbox rule, and noting that other circuits have declined to apply the mailbox rule to prisoner litigants who employ non-attorney intermediaries to file federal petitions).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's

---

[3] On October 19, 2007, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the court's show cause order on December 17, 2007.

conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner's conviction became final for purposes of the one-year period on May 16, 2006, ninety days after the TCCA refused his petition for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (2007); *Clay v. United States*, 537 U.S. 522, 528 n. 3, 123 S.Ct. 1072 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). The one-year period began to run on May 17, 2006, the day after his conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of January 29, 2007, the date on which Petitioner filed his art. 11.07 application, 257 days of the one-year limitations period had elapsed. The state application remained pending until its denial on April 25, 2007, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on April 26, 2007, and expired 108 days later on August 11, 2007. Since that day fell on a Saturday, the limitations period was extended to Monday August 13, 2007. *See* Fed.R.Civ.P. 6(a); *Flanagan,* 154 F.3d at 200-01 (applying Rule 6(a)). Therefore, the federal petition, filed on October 10, 2007, is clearly untimely absent equitable tolling.

In response to the court's order to show cause, Petitioner requests equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

4

Petitioner alleges that he is entitled to equitable tolling because the trial judge assigned to his case should have been disqualified as a matter of law. Since this claim arose long before the date on which Petitioner's conviction became final, it is irrelevant for purposes of equitable tolling.

Moreover, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner provides no explanation for the eight-month delay between the date his state judgment of conviction became final and the date he filed his state habeas application. Nor does he explain why he delayed for an additional five and one-half months, following the denial of his state habeas petition, before he filed this federal petition. Such unexplained delays make the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, *4. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling and the petition should be dismissed as time barred.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Signed this 8th day of February, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**

Criminal Background

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



    DA CASE ID W-0372621-A        JUDCL CASE ID W-0372621-A

A010 DEF NAME PUCKETT        C010 DEF NAME PUCKETT

J U D I C I A L   I N F O R M A T I O N

A010-020-030-040                                      FILE DATE 012907

DEF NAME PUCKETT_KENNETH_DARRELL_____ RACE _ SEX U DOB 00000000 AGE ___

DEF ADR1 _____ AC ___ PH _____ SS *********************

DEF CITY _____ ST __ ZIP _____ DLNUM ************** DLST __

OFF 1107_PEN_WRIT_____ DT 000000 TYP/CL F P GOC/CAT _ _ CODE VA000300

COMT _____ SID NUM _____ OF AMT _____

COMPLAINANT _____ TAPE # _____ ARREST DATE 000000

JUV STAT _ REPEAT OFFENDER _ CAREER OFFENDER _ ORIG-LOC WRIT___ CURR-LOC _

FILING AGENCY _____ SER/CAS NO _____ ARREST NUM _____

LAI NUM _____ AIS/DSO NO _____ BOOKIN NUM _____

JP FILE DATE 000000 JP CASE ID _____ JP COURT ID __ FED _ EVH _ AFF _

MAGISTRATE DATE 000000 MAGIS COURT __ MAGIS JUDGE _____ BOUND OVER _

EXAM TRIAL DATE 000000 EXAM COURT __ EXAM JUDGE _____ IND METH WRT

GJ/H/R DT _____ _ GJ# _____ GJ/W/FILE 012907 GJ DS X DA DSP _ ACC _ REAS _

http://view.dallascounty.org/pars2/criminal?sel...-A&CASE_LNAME=PUCKETT KENNETH DARRELL&RECNO=09 (1 of 2)10/17/2007 9:36:08 AM

```
DA DISPOS  DATE _____           MISDEMEANOR REDUCTION _    SENTENCE PROBATED _

JUDCL CASE ID W-0372621-A GJ CT __   PROS STAT _ ___   PROS NAME _____

COURT ASSIGNED TO FP    DATE ASSIGNED 012907      ASSIGNED BY M    REASON M

PRECEEDING DA CASE ID _____          SUCCEEDING DA CASE ID _____

TRN _____   TRS ____        WARRANT STATUS _ STATE OFF CD 00000004__
Wed Oct 17 09:37:29 CDT 2007
```